The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson* (1992), 81 Ohio App.3d 482.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1526.

Decided June 25, 1992.

*Michael Miller*, Prosecuting Attorney, and *Steven L. Taylor*, Assistant Prosecuting Attorney, for appellee.

*Vivyan, Graeff, Rigg & Schneider* and *David J. Graeff*, for appellant.

---

BOWMAN, Judge.

On the evening of December 6, 1990, appellant, Vincent Johnson, was a passenger on a COTA bus driven by Donald Fouts. Appellant was the last passenger on board when the bus reached Georgesville Road. Fouts apparently told appellant to put out a cigarette, which appellant did. When appellant approached the front of the bus on his way out, he punched Fouts in

the face, Fouts wrestled appellant off the bus and the two fought in the grass at the side of the road. Meanwhile the bus, left in gear, rolled on down the street and into a ditch. During the fight, appellant bit Fouts twice, once on the cheek and once on the arm. Fouts received emergency room care for these injuries.

Appellant was arrested and pleaded not guilty to one count of felonious assault. The matter was tried without a jury. The trial court sustained a motion for acquittal on the element of serious physical harm, and convicted appellant of assault in violation of R.C. 2903.13, a first degree misdemeanor. Appellant was sentenced to six months in the Franklin County Jail.

Appellant now appeals, assigning one error:

"Where the accused does not waive his right to a jury trial in writing until a substantial portion of the trial is completed, the trial court does not possess the authority to hear the case as the trier of fact, and the subsequent finding of guilt is void."

At trial, Fouts, the first witness, was being cross-examined, when the trial court realized that no written jury waiver had been introduced into the record. The following colloquy occurred:

"The Court: One thing I forgot. Did you have him sign a jury waiver?

"Mr. Dittmer [defense counsel]: No, I did not, your honor.

"The Court: I think we need to do that in writing.

"Mr. Mastrangelo [prosecutor]: I will check to see if I have one.

"The Court: Just pull the records for a minute. I saw you had him sign something earlier. Do you have one?

"Mr. Mastrangelo: Probably not. I do not have one, your honor.

"Mr. Dittmer: If you would like to ask Mr. Johnson on the record—

"The Court: I think it has to be in writing.

"Mr. Mastrangelo: It should be in writing.

"The Court: It's not a question of me doubting his word. It's a matter of law of having it in writing, so let's just rest easy for a second.

"Mr. Dittmer: While we are waiting, I did have a couple more questions for Mr. Fouts.

"The Court: You may proceed."

The trial then continued through the testimony of another witness, when the court stated that "[m]eanwhile, I have that form we need. Will you explain that to your client and review it?" The transcript then reveals that an off-the-record conversation occurred between appellant and his attorney. The

record does not indicate the subject of that conversation or clearly identify the form. The trial concluded with no further reference to the jury waiver issue; however, a written, undated jury waiver form, signed by appellant, his counsel, the prosecutor, and the trial court, was filed with the judgment entry two days after conclusion of the trial.

Appellant argues that the trial court's procedure with regard to obtaining the written jury waiver in his case violated the requirements of R.C. 2945.05, and thus constituted reversible error.

R.C. 2945.05 provides, in full:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: 'I ..., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

"Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."

Also pertinent to this issue is Crim.R. 23(A), which provides, in part:

" * * * In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. * * * "

Appellant argues that, because the trial court failed to obtain a written waiver of appellant's right to a jury trial prior to the commencement of trial, the court lacked jurisdiction to proceed and the resulting conviction was in error.

The precise issue before us is whether the trial court committed reversible error in failing to require a written jury waiver prior to trial, even though a written waiver was ultimately executed and included in the trial record.

Ohio courts have consistently upheld the Ohio Constitution's pronouncement that the right of the accused to trial by jury is inviolate. Section 5, Article I, Ohio Constitution; *State v. Harris* (1991), 73 Ohio App.3d 57, 596 N.E.2d 563. The trial court is not required to interrogate a defendant in order to determine

whether a waiver of the jury right is knowing, intelligent and voluntary; instead, facial compliance with R.C. 2945.05 has been found to satisfactorily demonstrate the validity of a waiver. *State v. Jells* (1990), 53 Ohio St.3d 22, 559 N.E.2d 464. In *Jells*, the court stated, at 25–26, 559 N.E.2d at 468:

"There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. * * * " (Footnote omitted.)

Unless the record demonstrates unequivocally that an oral waiver was given prior to trial, with a signed waiver presented to the court and included in the case record, the failure of the trial court to obtain the written waiver prior to the commencement of trial has been determined to be reversible error. *State v. Harris* (1976), 48 Ohio St.2d 351, 2 O.O.3d, 472, 359 N.E.2d 67; *State v. Anderson* (Jan. 27, 1992), Fayette App. No. CA91–02–003, unreported, 1992 WL 12614; *Harris, supra*, 73 Ohio App.3d 57, 596 N.E.2d 563; *State v. Thompson* (Dec. 7, 1990), Richland App. No. CA–2751, unreported, 1990 WL 210802.

The state urges that several factors mitigate against a finding that the failure of the trial court to obtain a written waiver prior to commencement of trial rendered the resulting conviction invalid. The state first argues that the written waiver was obtained during trial and was part of the record, thus curing the trial court's error in not obtaining the written waiver at the outset. To support its argument, the state relies heavily on the Ohio Supreme Court's decision in *Harris;* however, appellee's argument in this regard goes to the essence of the problem posed by the record in this case, that is, the record is silent as to the circumstances surrounding the jury waiver. Thus, this case can be factually distinguished from the Ohio Supreme Court's decision in *Harris.* In that case, although the written jury waiver was signed after a three-judge panel returned its verdict, the record was replete with evidence that the defendant had affirmatively waived his right to a jury trial in open court, including repeated references to a waiver during pretrial hearings, a reference to the waiver during defendant's opening statement and, apparently, a videotape involving the waiver.

Here, there is no discussion on the record as to what form the court presented to defendant, what discussions defendant had with his attorney or the court, or when or where the waiver was signed. Appellee's brief makes repeated references to "strong inferences," "logical assumptions" and events occurring in "all likelihood;" the record is, nonetheless, silent and we cannot

conclude an effective waiver of appellant's right to a jury trial has been shown based on a silent record. This argument is not well taken.

■ To the state's argument that, under Crim.R. 23(A), a midtrial decision by the accused to waive his right to jury trial would legitimately shift the trier of fact role from the jury to the judge, without having to re-commence trial, we reply that that portion of Crim.R. 23(A) applies only where the jury is already impaneled, since in that situation the presence of the jury would indicate that the accused's right to jury trial has been protected. Allowing the accused to waive a jury trial after commencement of trial to the court would defeat the purpose of the requirement under Crim.R. 23(A) of a written waiver obtained prior to commencement of trial.

The state also argues that the written waiver in this case complied with R.C. 2945.05 because the transcript "suggests" that the waiver was, in fact, signed in open court. The state asserts that it is only logical that appellant signed the form prior to conclusion of trial because the most likely manner in which all signatures could have been obtained on the waiver form was that all signed while they were still in the courtroom. Again, we find that a silent record is insufficient basis on which to find a proper jury waiver.

■ The state also argues that, inasmuch as R.C. 2945.05 and Crim.R. 23(A) conflict, the trial court was required to follow the criminal rule rather than statutory law. Therefore, the state claims that, even if the written waiver was not signed in open court, there was no error since Crim.R. 23(A) governs and that rule has no open-court requirement.

We are not convinced that, in this situation, the criminal rule supersedes statutory law, since we do not find a conflict under these facts. See *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738 (where there is no conflict between the criminal rules and statutory law, the statute remains effective). Crim.R. 23(A) allows the defendant to waive in writing his right to trial by jury prior to commencement of trial, or even during trial with approval of the court and consent of the prosecutor. To this, R.C. 2945.05 adds the procedural requirement that such waiver be executed in open court. This does not constitute a conflict and, even if it did, we are still constrained by the requirement of Crim.R. 23(A) that the written waiver be obtained prior to commencement of trial.

■ Finally, the state asserts that appellant should not be permitted to "sandbag" the trial court by silently acquiescing to the absence of a jury and the lack of a written waiver of a jury, claiming that, by executing the written waiver, appellant invited the trial court to proceed to judgment and cannot be permitted to take advantage of this "invited error." Even if the transcript

indicated that appellant purposely misled the trial court, which it does not, appellant's silence cannot be held against him:

"While the circumstances of this cause could lead one to surmise that appellant was aware of the situation and possibly took advantage of it, we cannot accept the proposition that there was a waiver of this right by silence. To do so would not only conflict with years of constitutional precedent, it could well require this court to review the circumstances of all such similar cases to determine whether the conduct and education of the accused and the adequacy of his counsel would support such an implicit waiver in each instance. * * * " *Tate, supra,* at 53, 13 O.O.3d at 37–38, 391 N.E.2d at 740.

To avoid such a case-by-case analysis, courts have demanded strict compliance with R.C. 2945.05 and Crim.R. 23(A), placing the burden upon the state to ensure that a bench trial proceeds with the agreement of the accused.

Ultimately, this court must weigh the state's position that the trial court's error was a mere technical irregularity, a clerical oversight from which no prejudice to appellant resulted, against appellant's assertion that failure to obtain the written waiver prior to commencement of trial was a violation of appellant's fundamental constitutional right to trial by jury. Under these facts, we are guided by the principle set forth in *Simmons v. State* (1906), 75 Ohio St. 346, 352, 79 N.E. 555, 557, in which the court stated that " * * * ' * * * [e]very reasonable presumption should be made against the waiver, especially when it relates to a right or privilege deemed so valuable as to be secured by the Constitution.' * * * "

Appellant's assignment of error is sustained, the judgment of the trial court is reversed and this cause is remanded to that court with instructions to conduct a new trial before a jury unless a written waiver of defendant's right to a jury trial is obtained prior to commencement of trial by which defendant knowingly, intelligently and voluntarily waives his right to a jury trial.

*Judgment reversed*
*and cause remanded*
*with instructions.*

WHITESIDE and PEGGY BRYANT, JJ., concur.