JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, David Soto, appeals the judgment of the trial court convicting him of possession of drugs and receiving stolen property, to wit: a motor vehicle. Appellant also challenges his waiver of jury trial. For the reasons that follow, we affirm.
 {¶ 2} The record before us demonstrates that appellant was indicted in a four-count indictment: possession of drugs, drug trafficking, receiving stolen property, to wit: a motor vehicle, and possession of criminal tools. Appellant pled not guilty to all the charges at his arraignment.
 {¶ 3} Prior to trial, appellant, after being fully advised in open court of his constitutional rights and penalties, executed a written jury trial waiver and, on the record, orally waived his right to a trial by jury. The court found that appellant knowingly, intelligently and voluntarily waived his right to a jury trial, and that same day, March 3, 2005, a trial to the bench commenced. Appellant's voluntary waiver of jury trial and order was filed on March 3, 2005, and the trial court's journal entry memorializing same was filed on March 8, 2005.
 {¶ 4} The State presented two witnesses on its behalf: the investigating officer and the owner of the stolen vehicle. At the conclusion of the State's case-in-chief, the defense moved for a Crim.R. 29 judgment of acquittal, which the court denied. Appellant then testified on his own behalf, after which the State recalled the investigating officer on rebuttal. At the conclusion of the presentation of all the evidence, the defense renewed its Crim.R. 29 motion for acquittal, which the court again denied. After deliberation, the court found appellant guilty of possession of drugs and receiving stolen property, and not guilty of drug trafficking and possession of criminal tools.
 {¶ 5} At trial, the investigating officer testified that he responded to a radio broadcast of a man with a gun near a car at the intersection of West 27th and Queen Streets in Cleveland. Upon arriving at the scene, the officer observed six or seven males fighting. The males all ran upon seeing the officer's cruiser, and in addition to appellant, only one other person, Jose Cintron, was apprehended.
 {¶ 6} The officer testified that when he arrived, appellant was not with the group of males who had been fighting but, rather, was by the driver's side door of a two-door car that was later determined to have been stolen. As the officer arrived on the scene, appellant did not run, but he closed the open driver's side door of the car.
 {¶ 7} After appellant was apprehended, the car was searched and 20 packets of heroin were recovered from the front passenger seat. The car's ignition had been "rolled," so that it could be started by sticking an object other than its key into it. The officer testified that the "rolling" does not leave any obvious outward damage and it probably would not be obvious to a lay person. The only other damage to the car, as testified to by its owner, was a burn on its dashboard. The owner further testified that the locks on the car's doors could be unlocked remotely. No keys were found on appellant's person or in or about the car.
 {¶ 8} Appellant testified that he was in the car with two other individuals, James and Isaac. According to appellant, James was the driver, Isaac was the front seat passenger, and he (appellant) was the rear seat passenger. Appellant stated that James had the key to the car and unlocked the car's door with a remote device. When they arrived in the area of West 27th and Queen Streets, James exited the car and became involved in a fight with Cintron. Isaac subsequently exited the car and went to where the fight was occurring.
 {¶ 9} Shortly thereafter, appellant exited the vehicle from the rear on the passenger's side and was intending to go to the area where the fight was occurring to lend assistance. It was then that the officer arrived. Appellant denied knowing anything about the heroin and, further, denied seeing it when he exited the car, as his pushing the seat forward to get out obstructed his view. Appellant initially denied closing the driver's side door, but subsequently, after viewing the officer's dashboard camera video[1] of the scene, acknowledged that he had closed the door.
 {¶ 10} In its findings, in regard to receiving stolen property, the court found that the only testimony that any other people were in the car was from appellant. The court noted that upon approaching the scene, the officer saw only appellant by the car, closing the driver's side door. The court further noted that although appellant testified that James was the driver of the car and had its key, no key was found in or around the car, and the officer's testimony was that the ignition had been "rolled" and could have been started with anything.
 {¶ 11} The court found that based upon appellant's account of the facts, that James was getting out of the car to confront Cintron, it was unlikely that James would have taken the key out of the car's ignition. The court found appellant's account "not credible," and "that only [appellant] exercised any kind of control with respect to the [car] * * *." Thus, in essence, the trial court found that appellant was the driver of the car.
 {¶ 12} In regard to possession of drugs, the court relied upon the testimony from the officer that no other people were around the car and that the heroin was in plain view on the front passenger's seat.
 {¶ 13} In his first assignment of error, appellant contends that the evidence was insufficient to support his conviction. We disagree.
 {¶ 14} Motions for acquittal, governed by Crim. R. 29(A), challenge the sufficiency of the evidence. Crim. R. 29(A) provides as follows:
 {¶ 15} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal on one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 16} In reviewing a claim of insufficient evidence, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380,386, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 17} R.C. 2913.51(A) governs receiving stolen property and provides that:
 {¶ 18} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 19} In regard to his conviction for receiving stolen property, appellant argues that the court's reasoning that he had control over the car, thereby receiving, retaining or disposing of it, because he closed the driver's side door, does not prove that he was the driver of the car, rather than a passenger.
 {¶ 20} In his brief, appellant's counsel reasons that, because appellant was the back seat passenger in the two-door car, he necessarily had to exit the car via either the driver's door or the front passenger's door. Appellant's counsel then insinuates that appellant had been sitting on the driver's side of the car and, thus, he exited the car from that side. However, at trial, appellant specifically testified that he exited from the passenger's side and did not see the heroin on the seat because, when he pushed the seat forward to get out, his view of the seat was obstructed.
 {¶ 21} Appellant's counsel also argues that closing a car door after exiting a car is so reflexive that most people do not even think about it. However, when questioned several times at trial about whether he had closed the door, appellant was adamant that he had not. It was only when the dashboard video from the officer's cruiser was played for appellant that he admitted he had, in fact, closed the driver's side door.
 {¶ 22} Based upon the aforementioned evidence, construed in a light most favorable to the State, we find the trial court's finding that appellant was the driver of the car logical and supported by the evidence.
 {¶ 23} Appellant next contends that the trial court's finding, that because there was no key found on appellant or in the car established that appellant had control, is illogical. Appellant argues that James, who he maintains was the driver of the car, logically would have taken the key to the car with him when he exited. However, as just outlined, we find the trial court's conclusion that appellant had control over the car logical and supported by the evidence. Thus, the trial court's subsequent conclusion that the lack of a key in the car or on appellant's person indicated that appellant had control over the car (i.e., that he started the car in a manner other than inserting its key into the ignition) necessarily follows. In light of the evidence, we are also not persuaded by appellant's argument that the failure of the police to find the "implement" by which the car was started meant that appellant was not the driver of the car.
 {¶ 24} Finding no merit to appellant's arguments relative to his conviction of receiving stolen property, we affirm.
 {¶ 25} R.C. 2925.11(A) governs possession of drugs and provides that "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 26} This court held in State v. Palmer (Feb. 6, 1992), Cuyahoga App. No. 58828, that the element of possession may be established as actual physical possession, or constructive possession where the contraband is under the defendant's dominion or control. Dominion and control may be proved by circumstantial evidence alone. State v. Taylor (1997), 78 Ohio St.3d 15,1997-Ohio-243, 676 N.E. 2d 82.
 {¶ 27} Dominion and control may not be inferred, however, solely from mere access to the substance through ownership or occupation of the premises upon which the substance is found. R.C. 2925.01(K). Similarly, mere proof of presence in the vicinity of illicit drugs is insufficient to establish possession. Cincinnati v. McCartney (1971), 30 Ohio App.2d 45,47-48, 281 N.E.2d 855. Finally, possession cannot be imputed to the owner or lessee based upon the mere fact that one is the owner or lessee of premises upon which illicit drugs are found, where such premises are also regularly occupied by others, and the drugs are found in an area accessible to all occupants.State v. Haynes (1971), 25 Ohio St.2d 264, 270, 267 N.E.2d 787;Palmer, supra at 5-6.
 {¶ 28} Appellant argues that this case is analogous toPalmer, supra, wherein this court found that the defendant's mere proximity to the drugs was insufficient to convict him of drug possession, as the drugs could have been possessed by either of the other two people in the car. This court specifically found in Palmer, where the defendant was the back seat passenger,
that he did not exercise any dominion or control over the car. InPalmer, the drugs were found under the driver's seat. This case, however, is distinguishable from Palmer.
 {¶ 29} As already discussed in relation to appellant's receiving stolen property conviction, the trial court found, and we affirm its finding, that appellant had dominion or control over the car. The evidence supports such a finding: appellant was the only person found by the car and he was closing the driver's side door as the police approached. Further, the drugs in this case were found on the front passenger seat in plain view, unlike the drugs in Palmer, which were found underneath the driver's seat.
 {¶ 30} In sum, applying the standard of review for sufficiency of the evidence as set forth in State v. Jenks,
supra, we find, after viewing the evidence in a light most favorable to the prosecution, that any rational trier of fact could have found the essential elements of the crime of possession of drugs proved beyond a reasonable doubt.
 {¶ 31} Accordingly, the trial court did not err in finding appellant guilty of receiving stolen property and possession of drugs, as sufficient evidence was presented to enable the trial court to so conclude.
 {¶ 32} Appellant's first assignment of error is overruled.
 {¶ 33} In his second assignment of error, appellant argues that the trial court was without jurisdiction to hold a bench trial because appellant's jury waiver was not executed in accordance with the statutory requirements. We disagree.
 {¶ 34} R.C. 2945.05 provides the procedural requirement for a criminal defendant to waive his or her right to a jury trial: "Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof."
 {¶ 35} Crim.R. 23(A) also sets forth the procedural requirements for a criminal defendant to waive his or her right to a jury trial: "* * * the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury."
 {¶ 36} Appellant argues that his jury trial waiver in this case was not valid because it was not filed until after the trial commenced.[2] Appellant cites State v. Pless (1996),74 Ohio St.3d 333, 1996-Ohio-102, 658 N.E.2d 766, arguing that R.C.2945.05 requires strict compliance, and that the alleged filing of his waiver after the trial commenced did not strictly comply with the statute.
 {¶ 37} In Pless, the Court did indeed hold that R.C.2945.05 must be strictly complied with:
 {¶ 38} "We hold that in a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." Id. at 339.
 {¶ 39} In holding that the mandates of R.C. 2945.05 must be strictly complied with, the Court did not hold, as appellant suggests, that a defendant's jury trial waiver must be filed before the trial begins.[3]
 {¶ 40} In addressing a defendant's argument that strict compliance with R.C. 2945.05 mandates that an effective waiver must be journalized on the same day the defendant executes a signed waiver, this court disagreed, stating the "* * * the Court in Pless merely held that the waiver must be filed in accordance with R.C. 2945.05 before it is effective." State v.Rivers, Cuyahoga App. No. 81929, 2003-Ohio-3670, ¶ 23. InRivers, this court noted its previous holding in State v.Sekera, Cuyahoga App. No. 80690, 2002-Ohio-5972, that "`strict compliance with R.C. 2945.05 is met upon the filing of the waiver.'" Id. at ¶ 24, quoting Sekera, at ¶ 23. Subsequently, this court specifically held that "[t]here is no requirement that the waiver be filed and placed in the record before trial."State v. Pace, Cuyahoga App. No. 84996, 2005-Ohio-3586, ¶ 22.
 {¶ 41} Here, prior to trial, appellant, after being fully advised in open court of his constitutional rights and penalties, executed a written jury trial waiver and, on the record, orally waived his right to a trial by jury. The court found that appellant knowingly, intelligently and voluntarily waived his right to a jury trial, and that same day, March 3, 2005, a trial to the bench commenced. Appellant's voluntary waiver of jury trial and order was filed on March 3, 2005, and the court's entry memorializing same was filed on March 8, 2005. The waiver was valid pursuant to R.C. 2945.05 and Crim.R. 23(A).
 {¶ 42} Accordingly, appellant's second assignment of error is without merit and overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Kenneth A. Rocco, J., concur.
[1] The video has not been made a part of the record for our review.
[2] Appellant reasons that "[t]he record establishes that immediately after the court accepted the jury waiver, it began the trial" and, thus, "did not file the jury waiver before it began trial * * *." Neither the transcript nor the file-stamp from the clerk's office on the waiver indicate times. Thus, it is entirely possible that a member of the court's staff filed the waiver before the trial commenced. However, as will be discussed infra, regardless of when it was filed, the waiver was valid.
[3] Appellant also refers to the following in the concurring opinion in Pless:
"The statute is absolutely clear that certain steps must be completed in order to effectuate a defendant's waiver of the right to a jury trial. * * * The statute does not provide forsubstantial compliance. Because the statute is so clear, there can be no doubt the legislature intended that all four elements be completed before the jury trial waiver becomes valid." (Emphasis in original). (Resnick, J., concurring).
That quote, like the lead opinion, does not require any specific time when the waiver must be filed. It merely says that the waiver is not valid until it is filed.