JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Yolanda Scott appeals from her conviction for receiving stolen property. For the reasons set forth below, we affirm.
 {¶ 2} On April 7, 2005, defendant was indicted for one count of receiving a stolen motor vehicle belonging to Fred McConnell. Defendant pled not guilty and the matter proceeded to a bench trial on November 14, 2005.
 {¶ 3} The state presented the testimony of Fred McConnell, Jr., Cleveland Heights Police Officer Chris Barton, and investigator Paul Kolb.
 {¶ 4} McConnell testified that on January 7, 2005 that his 1989 red Chevrolet Blazer was stolen in Jackson Township. McConnell's son, who was driving the car, reported the vehicle stolen. McConnell went to the area where it had been parked and observed a door lock on the ground. Several weeks later, Cleveland Heights police notified him that the car had been recovered. McConnell observed that the steering column had been peeled, the driver's side door lock had been removed, and a black stripe had been painted around the car. The vehicle still had the original license plate, however.
 {¶ 5} Officer Chris Barton testified that he observed the vehicle on January 25, 2005. The driver committed a traffic infraction and Barton checked the license plate and then learned that the vehicle was stolen. He requested additional police units and attempted to stop the car but the driver fled. As another police cruiser approached from the opposite direction, the driver stopped the car and fled on foot.
 {¶ 6} Barton testified that the driver was the sole occupant of the car. As she fled from the passenger side door, she dropped something in the snow. Barton broadcasted a description of the driver and followed her footprints in the snow and apprehended her. Barton testified that defendant was the driver of the vehicle. She was wearing red sweat pants and he never lost sight of her during the pursuit. In addition, a purse discovered next to the car contained defendant's identification.
 {¶ 7} Finally, Barton testified that the driver's side door was disabled and would not open, and the steering column of the car had been broken away. No keys were recovered.
 {¶ 8} Paul Kolb testified that he responded to the scene and observed a figure running from the car. A single set of footprints led away from the car. He did not observe anyone else exit the car.
 {¶ 9} Defendant testified on her own behalf and stated that she is married to Andre Green who is now incarcerated. On the day of the incident, Green came over to get her in the Blazer and agreed to take her grocery shopping. Scott rode in the passenger seat and did not observe anything wrong with the car as Green drove and did not observe any damage to the car. The police subsequently pulled the car over. They left the scene and Green exited the car and pulled her out of the passenger side then fled. Defendant dropped her purse and was apprehended.
 {¶ 10} According to defendant, she described what Green had been wearing but the officers were unable to catch him. She stated that it would have been extremely difficult for a driver to flee from the passenger's door since there is a console between the seats.
 {¶ 11} Defendant claimed that Green is a mechanic and that it is not unusual for him to be driving different vehicles.
 {¶ 12} Defendant was subsequently convicted of the offense and sentenced to one year of community control sanctions. Defendant now appeals, assigning a single error for our review.
 {¶ 13} Defendant's assignment of error states:
 {¶ 14} "Appellant was deprived her liberty without due process of law, where the trial court found her guilty of receiving stolen property where the evidence failed to prove that she committed the offense as charged. "
 {¶ 15} Within this assignment of error, defendant challenges the sufficiency of the evidence supporting her conviction because she testified and the state did not refute that she was simply a passenger in the vehicle.
 {¶ 16} "`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 17} The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., followingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; see, also, State v. Thompkins, supra.
 {¶ 18} The elements of receiving stolen property are set forth in R.C. 2913.51(A) as follows:
 {¶ 19} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 20} In this matter, Officer Barton testified that the vehicle had only one occupant who fled through the passenger's side door. Both officers observed a single set of footsteps from the car. The suspect dropped a purse while fleeing and defendant's identification was in the purse. The drivers' side door was disabled and would not open. In addition, a part of the steering column had been broken away. This evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt as the state presented evidence that defendant was in control of the vehicle. Any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The state presented sufficient evidence to establish that defendant received the stolen vehicle. AccordState v. Soto, Cuyahoga App. No. 86390, 2006-Ohio-2319.
 {¶ 21} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Corrigan, J., concur.