JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Harry Barr ("Barr"), appeals his conviction for robbery with a repeat violent offender specification. Finding no merit to the appeal, we affirm.
 {¶ 2} In May 2006, Barr was charged with kidnapping and robbery. Both charges carried a notice of prior conviction and a repeat violent offender ("RVO") specification. The matter proceeded to a bench trial in November 2006. After the State gave its opening statement and the victim, Patricia Cunningham ("Cunningham"), testified on direct, the trial court recessed for lunch. When the court resumed in the afternoon, defense counsel informed the court that she had a jury waiver form signed by Barr, which she had not presented to the court before trial began.
 {¶ 3} Counsel admitted that she made a mistake by failing to give the court the waiver before trial began. She stated that she had explained Barr's right to a jury trial and Barr had signed the waiver prior to the commencement of trial. She also stated that Barr waived any issues regarding any defect in presenting the jury waiver for the purpose of appeal.
 {¶ 4} The trial judge then added the following language to the jury waiver form: "[t]he defendant further waives any defect in the signing of the waiver on the beginning of trial as everyone assumed this had been done on a previous occasion." Barr signed the waiver again, acknowledging that he waived any defect in the jury *Page 3 
waiver form. The court then engaged in a lengthy colloquy with Barr regarding his right to a jury trial. Barr stated that he understood his rights when he signed the waiver prior to trial and that he wished to waive his right to a jury trial. He also stated that he knowingly, voluntarily, and intelligently waived his right to raise any defect in the delayed jury waiver on appeal. He and his counsel both indicated they did not want to start trial again. At that point, the court accepted the waiver and resumed the trial. The following evidence was presented.
 {¶ 5} In April 2006, Cunningham went to an ATM located in Ohio City to withdraw money. After she withdrew $60 from the ATM, she walked to her car, with her money, keys, and ATM card in her hand. Barr approached her, and she turned around. He forced her into her car and punched her in the head and face. Cunningham screamed for help and attempted to fight him off. A passerby heard her screams and alerted the police in the area. Cleveland police officers Charles Lavelle ("Lavelle") and Brett Lloyd arrived on the scene and observed Cunningham struggling with Barr inside her car. When Barr saw the officers, he ran from the scene. He was later apprehended by a third officer. Lavelle arrived on the scene and retrieved three $20 bills from Barr's pocket. Barr admitted to the officers that he robbed Cunningham because he was coming down from a "crack high."
 {¶ 6} Barr was found guilty of robbery with the notice of prior conviction and RVO specifications attached and not guilty of kidnapping. The court sentenced him to eight years in prison for the robbery charge and three years for the RVO *Page 4 
specification, to be served consecutively, for an aggregate sentence of eleven years in prison.
 {¶ 7} Barr now appeals, raising three assignments of error.
 INEFFECTIVE ASSISTANCE CLAIM {¶ 8} In the first assignment of error, Barr argues that he was denied the effective assistance of counsel in violation of the Ohio and United States Constitutions. He claims his counsel was ineffective because she had no strategy for defending him at trial.
 {¶ 9} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. State v. Bradley (1989), 42 Ohio St.2d 136, 538 N.E.3d 373, paragraph two of the syllabus; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674.
 {¶ 10} Hence, to determine whether counsel was ineffective, Barr must show that: (1) "counsel's performance was deficient," in that "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's "deficient performance prejudiced the defense" in that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland.
 {¶ 11} In Ohio, a properly licensed attorney is presumed competent.Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. In evaluating whether a *Page 5 
petitioner has been denied the effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."State v. Hester (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976),48 Ohio St.2d 391, 358 N.E.2d 623; State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102, 714 N.E.2d 905. To show that a defendant has been prejudiced, the defendant must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley at paragraph three of the syllabus; Strickland.
 {¶ 12} Barr claims that counsel prejudiced his ability to receive a fair trial because she argued that Barr's kidnapping and robbery charges should merge as allied offenses of similar import. He further claims that his counsel's concession to the robbery charge prior to trial "poisoned the trial court before the court had even heard any evidence." Barr also argues, among other factors, that his counsel failed to assist him by: waiving opening statement, ineffectively cross-examining the witnesses, and not objecting at several key points at trial.[1] *Page 6 
 {¶ 13} In the instant case, a review of the record fails to demonstrate that defense counsel's performance was so flawed or deficient, resulting in prejudice to Barr. Defense counsel's strategy focused on the dismissal or acquittal of the kidnapping charge because Barr could not successfully defend the robbery charge. The record is replete with overwhelming evidence against him, i.e., the eyewitness testimony of Cunningham and the officers, and Barr's admission to committing the crime. Defense counsel's approach may not have been sufficiently eloquent for Barr, but it was clearly effective because he was found not guilty of kidnapping.
 {¶ 14} Furthermore, Barr failed to demonstrate how the lack of opening statement or alleged ineffective cross-examination of the witnesses changed the outcome of the trial. Debatable trial tactics and strategies do not constitute a denial of the effective assistance of counsel.State v. Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189. In addition, the Ohio Supreme Court in State v. Keene, 81 Ohio St.3d 646,1998-Ohio-342, 693 N.E.2d 246, held that: "[d]eclining to interrupt the prosecutor's argument with objections, or failing to object to certain evidence, was not deficient performance, especially in a bench trial." Thus, defense counsel's waiver of opening statement and failing to object "at several key points at trial" is not indicative of ineffective assistance of counsel. *Page 7 
 {¶ 15} Moreover, there is nothing on the record to substantiate a violation of defense counsel's essential duties. The cumulative testimony of Cunningham and the officers, along with Barr's admission, was enough to convict him of robbery. Since Barr failed to show how counsel's "failures" affected the outcome of his trial, it cannot be said that he received ineffective assistance of counsel.
 {¶ 16} Therefore, the first assignment of error is overruled.
 JURY WAIVER {¶ 17} In the second assignment of error, Barr argues that the court was without jurisdiction to conduct a bench trial because the jury waiver was not obtained by the court prior to commencement of trial.
 {¶ 18} R.C. 2945.05 provides the procedural requirements for a criminal defendant to waive his or her right to a jury trial: "[s]uch waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." See, also,State v. Soto, Cuyahoga App. No. 86390, 2006-Ohio-2319.
 {¶ 19} Barr bases his arguments on State v. Pless (1996),74 Ohio St.3d 333, 1996-Ohio-102, 658 N.E.2d 766, and State v. Johnson (1992),81 Ohio App.3d 482, 611 N.E.2d 414, arguing that R.C. 2945.05 requires strict compliance. Therefore, he claims that the court was without jurisdiction to conduct a bench trial because it did *Page 8 
not obtain his waiver prior to the commencement of trial. We disagree and find both cases easily distinguishable.[2]
 {¶ 20} In addressing the strict compliance requirements of R.C.2945.05, this court stated that: "the Court in Pless merely held that the waiver must be filed in accordance with R.C. 2945.05 before it is effective." State v. Rivers, Cuyahoga App. No. 81929, 2003-Ohio-3670. Furthermore, we held that "it makes no difference for purposes of complying with R.C. 2945.05 and the Pless decision whether the waiver came `before commencement of trial' or `during trial' within the meaning of Crim.R. 23(A)." State v. Coleman (May 9, 1996), Cuyahoga App. No. 69202.
 {¶ 21} Moreover, in State v. Thomas, Cuyahoga App. No. 82130,2003-Ohio-6157, we held that:
 "Crim.R. 23(A) and R.C. 2945.05 are satisfied when, after arraignment and opportunity to consult with counsel, defendant signs a written statement affirming that he or she knowingly and voluntarily waives his or her constitutional right to a trial by jury and the court reaffirms this waiver in open court.
 It is not necessary that the waiver be signed in open court to be valid, so long as the trial court engages in a colloquy with the defendant extensive enough for the *Page 9 
trial judge to make a reasonable determination that the defendant has been advised and is aware of the implications of voluntarily relinquishing a constitutional right." (Citations omitted.)
See, also, State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839;State v. Gammalo (July 5, 2001), Cuyahoga App. No. 78531.
 {¶ 22} In the instant case, the record reflects that defense counsel informed the court of her error after the State had completed its direct examination of the victim. Counsel admitted that she erred in not giving the court the signed waiver before trial began. She stated that Barr waived any issues regarding such defect in his jury waiver. Barr also stated on the record that he signed the waiver before trial and waived any defect in the delay in presenting the jury waiver. The trial judge then asked Barr if he understood what a jury trial is and that by waiving that right, the court, rather than the jury, would make the decisions of law and the findings of fact regarding his guilt or innocence. Barr stated that he understood the consequences and was aware of them when he signed the waiver. Barr acknowledged that by signing the waiver again, he waived any defect on appeal. The trial judge then concluded that Barr had knowingly, voluntarily, and intelligently waived his right to a jury trial. Barr and his counsel expressed their desire to proceed with the trial and not to start again.[3] The court then proceeded with the remainder of the trial, starting with the cross-examination of the State's first witness. Therefore, we find that the *Page 10 
court had jurisdiction to conduct the bench trial because any alleged error was cured by Barr's executed waiver, extensive questioning by the court, and his insistence that the trial not start again.
 {¶ 23} Accordingly, the second assignment of error is overruled.
 RVO SPECIFICATION {¶ 24} In the third assignment of error, Barr argues that his RVO conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. He argues that the State failed to prove that he caused or attempted to cause serious physical harm pursuant to R.C. 2929.01(DD)(1).[4]
 {¶ 25} However, the record reveals that Barr's attorney stipulated to the RVO specification prior to the commencement of trial. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Bitter v. Missig (1995), 72 Ohio St. 3d 249,648 N.E.2d 1355; State v. Hayes (Sept. 5, 1996), Cuyahoga App. No. 70052. *Page 11 
Therefore, we find that it was not necessary to present evidence in support of Barr's RVO specification.
 {¶ 26} Accordingly, the third assignment of error is overruled.
 {¶ 27} Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS; MARY EILEEN KILBANE, J., DISSENTS (WITH SEPARATE OPINION)
[1] Barr further claims that his counsel's performance was deficient for failing to give his jury waiver form to the court before the commencement of trial. This issue will be discussed in the second assignment of error.
[2] In Pless, the Ohio Supreme Court held that a trial court lacks jurisdiction to try a defendant without a jury, absent strict compliance with the jury waiver requirements of R.C. 2945.05. No written waiver was found in the record in Pless.
In Johnson, the Tenth District Court of Appeals held that the trial court committed reversible error by not obtaining the written waiver before trial. However, unlike the instant case, the record inJohnson was silent as to the circumstances surrounding the waiver. The record did not indicate what form was presented to Johnson, what discussions Johnson had with his attorney or the trial court, or when and where the waiver was signed. The court concluded that it could not assume waiver from a silent record.
[3] It was agreed at oral argument that approximately twenty minutes of testimony had been heard at that point.
[4] Barr was indicted under a former version of R.C. 2929.01(DD)(1), which defines a repeat violent offender as "a person about whom both of the following apply: (1) The person has been convicted of or has pleaded guilty to, and is being sentenced for committing * * * a felony of the first degree * * * that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person, or a felony of the second degree that involved an attempt to cause serious physical harm to a person or that resulted in serious physical harm to a person. (2) Either of the following applies: (a) The person previously was convicted of or pleaded guilty to, and previously served or, at the time of the offense was serving, a prison term for * * * aggravated murder, murder, involuntary manslaughter, rape, felonious sexual penetration as it existed under Section 2907.12 of the Revised Code prior to September 3, 1996, a felony of the first or second degree that resulted in the death of a person or in physical harm to a person, or complicity in or an attempt to commit any of those offenses * * *."