{¶ 28} For the following reasons, I respectfully dissent from the majority opinion, specifically regarding Barr's second assignment of error. I would find that the trial court lacked jurisdiction to conduct a bench trial because the trial court had *Page 12 
failed to obtain a jury waiver prior to commencement of trial. In light thereof, I would deem Barr's remaining assignments of error moot and reverse and remand for a new trial.
 {¶ 29} The Ohio Constitution guarantees the right to a jury trial. Section 5, Article I, Ohio Constitution. "The accepted standard for waiver of a constitutional right is an intentional relinquishment of that right. However there is no constitutional requirement that the waiver be in writing. Only, that it must be knowingly and intelligently made." State v. Harris (1976), 48 Ohio St.2d 351. (Citations omitted.)
 {¶ 30} Crim.R. 23 reads as follows:
 "(A) Trial by jury. In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury * * *."
 {¶ 31} Although a written waiver is not a constitutional requirement, R.C. 2945.05 creates a statutory requirement that a written jury waiver must be signed by a defendant, filed and made part of the record, and that the waiver be made in open court after arraignment and after the defendant has had an opportunity to consult with counsel.
 "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I * * *, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of *Page 13 this state, I have a constitutional right to a trial by jury." Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial." R.C. 2945.05.
 {¶ 32} Thus, "[i]n a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof." State v. Pless, 74 Ohio St.3d 333,1996-Ohio-102, at paragraph one of the syllabus. R.C. 2945.05 also requires that such waiver be made orally in open court, after arraignment and an opportunity to consult with counsel. State v.Lomax, 166 Ohio App.3d 555, 2006-Ohio-1373.
 {¶ 33} The Supreme Court of Ohio has held that: "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try defendant without a jury." Pless at paragraph one of the syllabus. "R.C. 2945.05 only requires that the waiver occurbefore trial and that the waiver is filed, time-stamped and contained in the record." State v. Thomas, Cuyahoga App. No. 82130, 2003-Ohio-6157. (Emphasis added.) Thus,
 "Unless the record demonstrates unequivocally that an oral waiver was given prior to trial, with a signed waiver presented to the court and included in the case record, the failure of the trial court to obtain the written waiver prior to the commencement of trial has been determined to be reversible error." State v. Johnson, 10th *Page 14 District No. 91AP-1526, 81 Ohio App.3d 482; see State v. Harris (1976), 48 Ohio St.2d 351. (Emphasis added.)
 {¶ 34} The majority determined that the trial court had jurisdiction to continue to conduct Barr's bench trial after the mid-trial colloquy regarding his jury waiver because any alleged error was cured by Barr's executed waiver, extensive questioning by the court, and his insistence that his bench trial continue. In support, the majority cites to the following cases: State v. Soto, Cuyahoga App. No. 86390, 2006-Ohio-2319
(held that journalization of jury waiver after commencement of a jury trial is not in derogation of R.C. 2945.05 and Crim.R. 23(A)); State v.Rivers, Cuyahoga App. No. 81929, 2003-Ohio-3670 (held that journalizing jury waiver after commencement of a jury trial is not in derogation of R.C. 2945.05 and Crim.R. 23(A)); State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839 (held that the filing of jury waiver after commencement of jury trial is not in derogation of R.C. 2945.05 and Crim.R. 23(A)); State v. Coleman, Cuyahoga App. No. 69202, 1996 Ohio App. LEXIS 1876 (held that the failure to file jury waiver violates appellant's due process rights pursuant to R.C. 2945.05 andPless, at paragraph one of syllabus.) However, all of these cases pertain to the timeliness of the filing of the jury waiver form and not the timeliness of the oral waiver in open court.
 {¶ 35} In the case sub judice, there is no dispute regarding the timely filing and journalization of Barr's written waiver. Thus, the cases cited by the majority are *Page 15 
inapposite. Rather, Barr is appealing his waiver because it was not made orally, prior to trial, and in open court pursuant to Johnson.
 {¶ 36} In fact, Barr's oral and written waiver was not obtained until after commencement of his bench trial, after opening arguments and after the State's first witness began testifying in the matter. Only then did the trial court conduct a colloquy with Barr to determine whether Barr's waiver was knowingly, intelligently and voluntarily made.
 {¶ 37} Thus, pursuant to Johnson, where an oral waiver was not given prior to trial, with a signed waiver presented to the trial court and included in the record, failure to obtain a written waiver in the instant case prior to commencement of trial is reversible error.
 {¶ 38} Thus, I would sustain Barr's second assignment of error, find the remaining assignments of error moot, and reverse and remand for a new trial. *Page 1