JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Williams, Cuyahoga County Court of Common Pleas Case No. CR-427459, applicant, Antwan Williams, was convicted of aggravated murder. This court affirmed that judgment in State v. Williams, Cuyahoga App. No. 82364, 2003-Ohio-6342. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. Williams,102 Ohio St.3d 1530, 2004-Ohio-3580.
 {¶ 2} Williams has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that: trial counsel was ineffective for failing to research, prepare and investigate adequately for trial; and the prosecutor's improper comments during closing argument substantially and materially affected the verdict. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on December 8, 2003. The application was filed on June 23, 2004, clearly in excess of the ninety-day limit. As grounds for his failure to file his application timely, Williams states that: he did not have counsel; he was provided with the record less than 90 days before filing the application as a result of his motion for loan of transcripts; and he is mentally retarded (as was determined by the trial court). It is well established that a lack of legal knowledge, lack of counsel and lack of transcripts as well as other records do not constitute good cause. State v. Hughes, Cuyahoga App. No. 81768, 2003-Ohio-2307, reopening disallowed, 2004-Ohio-5480, Motion No. 357347, at ¶ 5-7, quoting State v. Sanchez (June 9, 1994), Cuyahoga App. No. 62797, reopening disallowed, 2002-Ohio-2011, Motion No. 36733, at ¶ 4-5. This court has also held that an applicant's assertion "that he did not know of the remedy, that his lawyers never told him about it, and that his impaired mental abilities prevented him from learning and using the remedy" did not establish good cause for the untimely filing of an application for reopening. State v. Haliym f.k.a. Frazier (Jan. 11, 1990), Cuyahoga App. No. 54771, reopening disallowed (Aug. 27, 2001), Motion No. 20175, at 4, affirmed on other grounds State v. Haliym,96 Ohio St.3d 189, 2002-Ohio-4011, 772 N.E.2d 1182. Williams's arguments do not establish good cause for the delay. His failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
 {¶ 5} Applicant's request for reopening is also barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204."State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 6} Applicant filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied his motion for leave to appeal and dismissed the appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.
 {¶ 7} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
 {¶ 8} In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456,458, we held that the two prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal.
 {¶ 9} Id. at 25. Williams cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 10} In his first assignment of error, Williams complains that appellate counsel was ineffective for failing to assign as error on appeal that trial counsel was ineffective for failing to research, prepare and investigate adequately for trial. He initially argues that trial counsel was ineffective for failing to file a motion to dismiss timely. He observes that the trial court raised the issue of timeliness during a colloquy with counsel. Yet, trial counsel had filed two prior motions to dismiss, the trial court granted a motion to dismiss to the extent that the trial court eliminated the death penalty as a sentencing option and the trial court denied the purportedly "late" motion to dismiss after holding a hearing. These circumstances do not create "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5)
 {¶ 11} Williams also argues that trial counsel failed "to research DNA analysis, technology and the rules accompanying the presentation of such evidence at trial." He acknowledges, however, that he was acquitted of the offenses to which the DNA evidence pertained. Obviously, Williams was not prejudiced by any aspect of counsel's representation regarding the presentation of DNA evidence.
 {¶ 12} In order for Williams to maintain his assertion that trial counsel was ineffective for failing to research, prepare and investigate adequately for trial, this court would be required to rely on matters outside the record.
 {¶ 13} It is well-established that appellate counsel is not required to raise issues which do not arise from facts in the record. See, e.g.:State v. Sherrills (Apr. 5, 1990), Cuyahoga App. No. 56777, unreported, reopening disallowed in part and granted in part (June 24, 1996), Motion No. 55362, at 6 (failure to pursue discovery not in the record); Statev. Townsend (May 12, 1988), Cuyahoga App. No. 53715, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50563, at 4 (failure to conduct a proper pretrial investigation).
 {¶ 14} State v. Kitchen (June 27, 1996), Cuyahoga App. No. 69430, reopening disallowed (May 22, 1997), Motion No. 79833, at 6-7 (quoted inState v. Chandler (Mar. 5, 1992), Cuyahoga App. Nos. 59764 and 72310, reopening disallowed (Aug. 13, 2001), Motion No. 24366 at 8 in which the applicant assigned as error that "TRIAL COUNSEL FAILED TO PROPERLY RESEARCH, PREPARE AND INVESTIGATE FOR TRIAL"). See also State v. McGowan
(Oct. 3, 1996), Cuyahoga App. No. 68971, reopening disallowed (Feb. 19, 1998), Motion No. 79201, at 7-8. We cannot conclude that appellate counsel's representation was deficient or that Williams was prejudiced by the absence of an assignment of error which required reliance on facts outside of the record.
 {¶ 15} In his second assignment of error, Williams contends that appellate counsel was ineffective for failing to assign as error on appeal that statements of the prosecutor during closing argument constituted prosecutorial misconduct.
 {¶ 16} The conduct of a prosecuting attorney during the course of trial cannot be made a ground for error unless that conduct deprived the defendant of a fair trial. State v. Papp (1978), 64 Ohio App. 2d 203,412 N.E.2d 401. In addition, another factor to be considered in determining whether the prosecutor's actions constituted misconduct is whether the remarks prejudicially affected substantial rights of the defendant. State v. Smith (1984), 14 Ohio St. 3d 13, 470 N.E.2d 883.
 {¶ 17} State v. Brooks (Aug. 15, 1985), Cuyahoga App. No. 48914, reopening disallowed (Nov. 9, 2000), Motion No. 19635, at 4, affirmed (2001), 92 Ohio St.3d 537, 2001-Ohio-1278, 751 N.E.2d 1040. On direct appeal this court concluded that the verdict was not against the manifest weight of the evidence. We cannot, therefore, now conclude that the remarks about which Williams complains resulted in a miscarriage of justice requiring a different outcome on direct appeal. See also Statev. Day, Cuyahoga App. No. 79368, 2005-Ohio-281, at ¶ 21-22. As a consequence, Williams's second assignment of error is not welltaken.
 {¶ 18} Accordingly, the application for reopening is denied.
Blackmon, A.J., Concurs Calabrese, Jr., J., Concurs.