JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Bibbs, Cuyahoga County Court of Common Pleas Case No. CR-433086, applicant was convicted of three counts of rape and three counts of kidnapping with sexual motivation. As a consequence, the court of common pleas also determined that Bibbs was automatically classified as a sexual predator. InState v. Bibbs, Cuyahoga App. No. 83955, 2004-Ohio-5604, this court held that the kidnapping convictions with respect to two of the victims should have been merged with the rape charges pertaining to those victims. As a consequence, this court affirmed in part and vacated in part the judgment of the court of common pleas as well as remanded the case. Bibbs filed a pro se notice of appeal. The Supreme Court of Ohio denied his motion for leave to file delayed appeal and dismissed the appeal. State v.Bibbs, 105 Ohio St.3d 1437, 2005-Ohio-531, 822 N.E.2d 809.
 {¶ 2} Bibbs has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel failed to: 1) assign as error that Bibbs was denied his right to a speedy trial; 2) adequately research the first assignment of error on direct appeal (that the verdict was against the weight of the evidence); and 3) assign as error that trial counsel did not investigate the case. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24,1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."
Id. at 25. Applicant cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 4} In his first proposed assignment of error, Bibbs complains that appellate counsel was ineffective for failing to assert the ineffectiveness of trial counsel who did not file a motion to dismiss the charges against Bibbs because of a violation of Bibbs's right to a speedy trial. Initially, we note that trial counsel did file a "Motion to Dismiss (Speedy Trial)" on September 23, 2003 (pagination of record no. 25). Additionally, as the state observes in its brief in opposition to the application for reopening, there were several continuances at defendant's request. (The record reflects no fewer than ten continuances at defendant's request from March to July 2003.)
"In State v. Mays (Oct. 22, 1998), Cuyahoga App. No.73376, reopening disallowed (Mar. 20, 2001), Motion No. 16361, Mays assigned as error that "he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that trial counsel did not protect applicant's right to a speedy trial." Id. at 2. Mays complained that his trial counsel requested several continuances. The Mays court observed, however: "`The time for trial may be extended by * * * the period of any continuance granted on the accused's own motion * * * R.C. 2945.72(H).' Cleveland v. Seventeenth St. Assn.
(Apr. 20, 2000), Cuyahoga App. No. 76106, unreported, at 5-6. `Certainly, trial counsel was free to pursue this strategy. It is well established that courts will not second-guess counsel. See,e.g., State v. Mitchell (Apr. 3, 1997), Cuyahoga App. No. 70821, unreported, reopening disallowed (Feb. 24, 1998), Motion No. 84988 at 6-7.' State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, at 8-9, appeal dismissed (1998),84 Ohio St.3d 1409, 701 N.E.2d 1019. We cannot presume to substitute our judgment for trial counsel's evaluation regarding his preparation and availability for trial. In light of R.C. 2945.72(H), therefore, appellate counsel was not deficient and applicant was not prejudiced by the absence of applicant's proposed assignment of error from his direct appeal." Mays, supra, at 7-8." Statev. Fanning (Oct. 23, 1997), Cuyahoga App. No. 71189, reopening disallowed, 2002-Ohio-4888, Motion No. 38469, at ¶ 4.
 {¶ 5} Similarly, we will not second-guess Bibbs's counsel. For example, in March 2003, the state filed a response to the defendant's request for discovery. That response included laboratory results. In June 2003, Bibbs's counsel filed a motion for funds to retain the necessary experts. As this court indicated in Mays and Fanning, supra, we will not "presume to substitute our judgment for trial counsel's evaluation regarding his preparation and availability for trial." Bibbs's first proposed assignment of error is not well-taken.
 {¶ 6} In his second proposed assignment of error, Bibbs asserts that his appellate counsel failed to adequately research the first assignment of error on direct appeal (that the verdict was against the weight of the evidence). A review of the brief of appellant filed by Bibbs's counsel indicates that counsel provided this court with various authorities relevant to the standard for considering whether a verdict is against the manifest weight of the evidence. Counsel's discussion of this assignment of error also included numerous references to the transcript.
 {¶ 7} This court extensively reviewed the facts as part of its journal entry and opinion. See State v. Bibbs, Cuyahoga App. No. 83955, 2004-Ohio-5604, supra, at ¶ 1-25. Although Bibbs's specific complaints pertain to whether the jury afforded a medical witness too much credibility and whether the fact of penetration was proven, this court observed: "The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact, who observed the witness in person." Id. at ¶ 26. Bibbs has not demonstrated that his counsel was deficient or that he was prejudiced by how his counsel on direct appeal presented the assignment of error asserting that the verdict was against the weight of the evidence. As a consequence, Bibbs's second proposed assignment of error is not well taken.
 {¶ 8} In his third proposed assignment of error, Bibbs complains that appellate counsel was ineffective for failing to assert the ineffectiveness of trial counsel who did not investigate the case. In State v. Williams, Cuyahoga App. No. 82364, 2003-Ohio-6342, reopening disallowed, 2005-Ohio-2439, Williams contended that trial counsel was ineffective for failing to research, prepare and investigate adequately for trial. "We cannot conclude that appellate counsel's representation was deficient or that Williams was prejudiced by the absence of an assignment of error which required reliance on facts outside of the record." Id. at ¶ 14.
 {¶ 9} Essentially, Bibbs contends that his trial counsel did not secure the testimony of expert witnesses to rebut the testimony by state witnesses. Yet, in order to reach the conclusion desired by Bibbs, this court would have to rely on matters outside the record. Of course, our analysis is limited to what may have been argued on direct appeal. As was the case inWilliams, supra, we cannot conclude that appellate counsel was deficient or that Bibbs was prejudiced by the absence of Bibbs's third proposed assignment of error.
 {¶ 10} Additionally, Bibbs's request for reopening is barred by res judicata.
"The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175,22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 66, 584 N.E.2d 1204."
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 11} Bibbs filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied his motion for leave to file delayed appeal and dismissed the appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.
 {¶ 12} Bibbs has not met the standard for reopening. Accordingly, the application for reopening is denied.
Dyke, A.J., concurs.
 Karpinski, J., concurs.