JOURNAL ENTRY AND OPINION
{¶ 1} On December 15, 2008, Harry Barr filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v.Barr, Cuyahoga App. No. 89740, 2008-Ohio-2176. In that opinion, we affirmed his conviction for robbery with notice of prior conviction and RVO specifications attached. For the following reason, we decline to reopen Barr's appeal:
 {¶ 2} App. R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App. R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing *Page 3 
if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 3} This court's decision affirming applicant's conviction was journalized on May 19, 2008. However, Barr did not file his application for reopening until December 15, 2008, clearly in excess of the ninety-day limit.
 {¶ 4} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App. R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Barr failed to demonstrate good cause for failing to file a timely application.
 {¶ 5} In his application, Barr argues that he is an unskilled pro se defendant who does not possess the legal skills necessary to perform the research for such filing. However, this court has consistently held that lack of legal knowledge does not constitute good cause. State v.Hughes, Cuyahoga App. No. 81768, 2003-Ohio-2307, reopening disallowed,2004-Ohio-5480, Motion No. 357347 at P5-7, quoting State v. Sanchez
(June 9, 1994), Cuyahoga App. No. 62797, reopening disallowed, 2002-Ohio-2011, Motion No. 336733; State v. Williams, Cuyahoga App. No. 82364, 2003-Ohio-6342, reopening disallowed, 2005-Ohio-2439, Motion No. 361296. As a consequence, Barr has not met the standard for reopening. *Page 4 
 {¶ 6} Accordingly, the application for reopening is denied.
PATRICIA A. BLACKMON, J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1