JOURNAL ENTRY AND OPINION
{¶ 1} On February 24, 2009, the relator, Harry Barr, commenced this mandamus action against the respondent, Judge John Sutula, to compel him to rule on a postconviction relief petition which Barr on July 10, 2008, filed in the underlying case, State of Ohio v. Harry Barr, Cuyahoga County Common Pleas Court Case No. CR-480727. On March 13, 2009, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment, inter alia, on the grounds of mootness. Attached to the dispositive motion was a certified copy of a signed and file-stamped March 10, 2009 journal entry which read: "State's motion for summary judgment to *Page 3 
defendant's successive postconviction petition is granted." This attachment establishes that the judge has fulfilled his duty to rule on the petition and that Barr has received his requested relief, a resolution of his postconviction petition. Barr never filed a response to the motion for summary judgment.
 {¶ 2} The court further notes that findings of fact and conclusions of law are not required for this postconviction petition. A review of the docket of the underlying case reveals that on September 4, 2007, Barr had filed a previous postconviction petition. Findings of fact and conclusions of law are not required for subsequent postconviction petitions. State ex rel. Carroll v. Corrigan (1999), 84 Ohio St.3d 529,705 N.E.2d 1226; Gause v. Zaleski (1999), 85 Ohio St.3d 614,710 N.E.2d 684; State ex rel. Luna v. McGimpsey (1996), 74 Ohio St.3d 485,659 N.E.2d 1278 and State ex rel. Jennings v. Nurre (1995),72 Ohio St.3d 596, 651 N.E.2d 1006.
 {¶ 3} The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. Barr attached what he titled as "Affidavit pursuant to R.C. 2969.25." However, this affidavit stated that the present mandamus action is to compel findings of fact and conclusions of law for his July 10, 2008 postconviction petition, and what the captions are for the underlying case and the present mandamus action. There were no statements as to any other cases that were or were not filed. The affidavit did not state that this mandamus action was the only action filed in the last five years. As such this affidavit did not comply with *Page 4 
R.C. 2969.25. The relator's failure to comply with the statute warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594
and State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 4} Relator also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. Barr's affidavit stated that he is indigent and cannot afford to pay the costs of this action, but he did not provide the necessary information from the prison cashier. Without that information, his affidavit is fatally defective. This also is sufficient reason to deny the mandamus, deny indigency status and assess costs against the relator. State ex rel. Pamer v. Collier, 108 Ohio St.3d 492,2006-Ohio-1507, 844 N.E.2d 842 and State ex rel. Hunter v.Cuyahoga County Court of Common Pleas, 88 Ohio St.3d 176, 2000-Ohio-285,724 N.E.2d 420.
 {¶ 5} Accordingly, the motion for summary judgment is granted, and this writ action is dismissed. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
CHRISTINE T. MCMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1