[Cite as *State ex rel. Barr v. Sutula*, 2012-Ohio-500.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97456

---

## STATE OF OHIO, EX REL., HARRY M. BARR

RELATOR

vs.

## JUDGE JOHN D. SUTULA

RESPONDENT

---

## JUDGMENT:
## COMPLAINT DISMISSED

---

Writ of Mandamus
Motion No. 449284
Order No. 451856

**RELEASE DATE:** February 6, 2012

Harry M. Barr, pro se
Inmate No. 522-149
Mansfield Correctional Instit.
P. O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
1200 Ontario Street, 9th Fl.
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶ 1}   Relator, Harry M. Barr, is the defendant in *State v. Barr*, Cuyahoga Cty. Court of Common Pleas Case No. CR-480727, that has been assigned to respondent judge.   The case was tried to the court and Barr was convicted.   This court affirmed his conviction.   *State v. Barr*, 8th Dist. No. 89740, 2008-Ohio-2176, *appeal dismissed*, 119 Ohio St.3d 1502, 2008-Ohio-5467, 895 N.E.2d 565.

{¶ 2}   Barr contends that the sentencing entry issued by respondent does not reflect the court's finding stated during his "verdict hearing."   He requests that this court issue a writ of mandamus compelling respondent to correct the error in the sentencing entry.

{¶ 3}   Barr observes that respondent stated during the "verdict hearing": "In

regards [sic] to Count 2, robbery, * * * , in violation of Revised Code Section 2911.02, the Court will find the Defendant guilty." Tr. at 120. In a February 6, 2007 sentencing entry, respondent "found the defendant guilty of robbery 2911.02 - F2 * * * ."

{¶ 4} Barr relies on R.C. 2945.75(A) which provides, in part: "When the presence of one or more additional elements makes an offense one of more serious degree: * * * (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." Barr contends that, because the sentencing entry violates R.C. 2945.75, he is entitled to relief in mandamus.

{¶ 5} In *State ex rel. Barr v. Sutula*, 8th Dist. No. 94530, 2010-Ohio-926, *aff'd* 126 Ohio St.3d 193, 2010-Ohio-3213, 931 N.E.2d 1078, Barr argued that the February 6, 2007 sentencing entry was not a final appealable order. This court and the Supreme Court both held that the sentencing entry *was* a final appealable order.

{¶ 6} If a sentencing entry is a final appealable order, the defendant has an adequate remedy by way of appeal to raise claimed sentencing errors. *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393. *See also State ex rel. Jones v. Ansted*, __ Ohio St.3d __, 2012-Ohio-109, __ N.E.2d __. Because Barr has or had an adequate remedy by way of appeal to assign any claimed errors, relief in mandamus is not appropriate.

{¶ 7} Accordingly, respondent's motion to dismiss is granted. Relator to pay

costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Complaint dismissed.

MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., AND
EILEEN A. GALLAGHER, J., CONCUR.