[Cite as *State v. Barr*, 2022-Ohio-2690.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                     No. 111223

    v.                                  :

HARRY M. BARR,                          :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-480727-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

Harry M. Barr, *pro se*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant Harry Barr appeals from the trial court's November 22, 2021 judgment denying his motion to correct a facially illegal sentence. After a thorough review of the record and pertinent law, we affirm the trial court's decision.

{¶ 2} The record demonstrates that in December 2006, appellant was convicted, after a bench trial, of one count of robbery with a notice of prior conviction and a repeat violent offender ("RVO") specification. The notice of prior conviction and RVO specification were based on appellant's 1984 rape conviction. In January 2007, the trial court sentenced appellant to eight years on the robbery conviction and three years on the RVO specification. The court ordered that the three-year RVO term be served prior to and consecutive with the eight-year term on the underlying conviction for a total 11-year prison term.

{¶ 3} Appellant filed a direct appeal. *State v. Barr*, 8th Dist. Cuyahoga No. 89740, 2008-Ohio-2176. In his direct appeal, appellant contended that (1) he received ineffective assistance of trial counsel because his attorney "had no strategy for defending him at trial"; (2) his waiver of his right to a jury trial was improperly obtained; and (3) his conviction on the RVO specification was not supported by sufficient evidence and was against the manifest weight of the evidence. *Id.* at ¶ 8, 17, 24. In regard to the RVO specification, appellant argued that the state failed to prove that he caused or attempted to cause serious physical harm as required under former R.C. 2929.01(DD)(1) governing RVO specifications.

{¶ 4} This court overruled appellant's three assignments of error and affirmed appellant's conviction, along with the RVO specification.[1] *Id.* at ¶ 1, 27.

---

[1] In addition to his direct appeal, appellant has attempted to challenge his conviction, without success, several times: discretionary appeal not allowed by *State v. Barr*, 119 Ohio St.3d 1502, 2008-Ohio-5467, 895 N.E.2d 565; reopening denied by *State v. Barr*, 8th Dist. Cuyahoga No. 89740, 2009-Ohio-218; writ of mandamus denied by *State ex rel. Barr v. Sutula*, 8th Dist. Cuyahoga No. 92860, 2009-Ohio-2113; and

{¶ 5} In September 2021, appellant filed a motion to correct a facially illegal sentence. In his motion, he contended that his 1984 rape conviction was too old to be the basis of the RVO specification. The trial court denied appellant's motion. This appeal follows. In his sole assignment of error, appellant contends that the trial court abused its discretion by denying his motion.

{¶ 6} The Supreme Court of Ohio's most recent pronouncements on void-sentence jurisprudence can be found in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776.

{¶ 7} In *Harper*, the court "realign[ed] its void-sentence jurisprudence" with the "traditional understanding" that a void judgment is one that is rendered without subject-matter jurisdiction over the case or personal jurisdiction over the parties. *Id.* at ¶ 4. The court explained that it had created exceptions to this traditional rule, but these exceptions "burdened" courts with unnecessary litigation and "undermin[ed] the finality of criminal judgments." *Id.* at ¶ 3. The court held that if a trial court has subject-matter jurisdiction over the case and personal jurisdiction over the accused, an error in the trial court's imposition of postrelease control renders the court's judgment voidable, not void, and not subject to collateral attack. *Id.* at ¶ 4-5. The court cautioned "prosecuting attorneys, defense counsel, and pro se defendants throughout this state that they are now on notice that any claim that

postconviction relief denied by *State ex rel. Barr v. Sutula*, 8th Dist. Cuyahoga No. 97456, 2012-Ohio-500.

the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *Id*. at ¶ 43.

{¶ 8} Subsequently, in *Henderson*, the Ohio Supreme Court extended its holding in *Harper* to sentencing errors beyond postrelease control. *Henderson* involved former R.C. 2929.02(B) which required the trial court to sentence the defendant to an indefinite sentence of 15 years to life. However, the trial court sentenced the defendant to "15 years" without the life "tail." *Id*. at ¶ 39-40. The state challenged the sentence through a postconviction motion. The Ohio Supreme Court found that "there is no dispute that the sentence is unlawful" but the error rendered the sentence voidable, not void, and the state could not correct the error in a postconviction motion. *Id*. at ¶ 40.

{¶ 9} Thus, under *Harper* and *Henderson*, if the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any sentencing error renders the sentence voidable, not void.

{¶ 10} The sentence in this case was not void; the trial court had jurisdiction over the case and personal jurisdiction over the defendant. The doctrine of res judicata bars appellant from relitigating this issue because it was or could have been raised in the original appeal. The doctrine of res judicata applies to postconviction proceedings. Therefore, where an issue was or could have been raised on direct appeal, res judicata bars a defendant from raising and relitigating that issue in

proceedings under R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997).

{¶ 11} In light of the above law and factual record, we determine that appellant's sole assignment of error is without merit.

{¶ 12} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR